DLD-337                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2700

_____

IN RE:  JAMES L. ROUDABUSH,
                                                        Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 17, 2015
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  September 30, 2015)

_____

**OPINION**

_____

PER CURIAM

Pro se petitioner, James Roudabush, seeks a writ of mandamus directed to the

warden of the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix").  Roudabush

alleges that "federal agents" at FCI-Fort Dix seized his legal materials in February 2015

and placed him in isolation as a form of retaliation.  Roudabush contends that the actions

of the federal agents have interfered with his right to access the courts.  In particular, he

claims that he has had problems prosecuting his civil actions and has been unable to file a

motion pursuant to 28 U.S.C. § 2255. Accordingly, he seeks to have this Court order the warden to return his legal papers. We will deny the petition.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). We do not hesitate to conclude that, in addition to other problems with the petition, Roudabush has not demonstrated that he is entitled to mandamus relief.

Roudabush's contentions regarding his impeded access to the courts are belied by even a cursory search of the electronic database for the United States District Court for the District of New Jersey. Since February of this year – when he asserts the interference began – Roudabush has filed no fewer than ten separate actions in the District Court.[1] Five of those actions appear to involve federal petitions for writs of habeas corpus, and the other five assert civil rights violations under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Moreover,

---

[1] See, e.g., Roudabush v. Bitener, D.N.J. Civ. No. 15-cv-03185; Roudabush v. McKool, D.N.J. Civ. No. 15-cv-04233; Roudabush v. Dynan, D.N.J. Civ. No. 15-cv-04234; Roudabush v. Hollingsworth, D.N.J. Civ. No. 15-cv-04602; Roudabush v. Reyes, D.N.J. Civ. No. 15-cv-05521; Roudabush v. Fed. Bureau of Prisons, D.N.J. Civ. No. 15-cv-05550; Roudabush v. Unknown "Sis" Fed. Agents, D.N.J. Civ. No. 15-cv-05741; Roudabush v. Hollingsworth, D.N.J. Civ. No. 15-cv-05906; Roudabush v. Hollingsworth, D.N.J. Civ. No. 15-cv-05944; and Roudabush v. Bumb, D.N.J. Civ. No. 15-cv-06554.

Roudabush is free to bring to the District Court's attention any problems he has in preparing and prosecuting his actions, and to seek that court's assistance if needed. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Roudabush seems well aware of this avenue insofar as it appears that several of his civil actions raise claims or allegations similar to those advanced in the instant petition. See, e.g., D.N.J. Civ. Nos. 15-cv-03185, 15-cv-04233, and 15-cv-04234 .

Of course, mandamus relief is not available as a substitute for an appeal. See In re: Chambers Dev. Co., Inc., 148 F. 3d 214, 226 (3d Cir. 1998). Roudabush's recourse for any dissatisfaction with the District Court's disposition of such claims must be had through the appellate process. Again, we note that it does not appear that Roudabush has had any trouble in this respect as he has filed at least five appeals in this Court so far in 2015. See C.A. Nos. 15-2948, 15-3112, 15-3113, 15-3114, and 15-3137.

In light of the foregoing, we will deny the petition for a writ of mandamus.